**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francis A. Grandinetti, II, | No. CV 07-2643-PHX-MHM (BPV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Intake and Assessment, et al., | |
| Defendants. | |

Plaintiff Francis A. Grandinetti, II, who is confined in the CCA-Saguaro Correctional Center in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*.

**I.     "Three Strikes Provision" of 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of

1 § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes." Tierney
2 v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A prisoner barred from proceeding *in*
3 *forma pauperis* pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C.
4 §§ 1911-14 applicable to everyone else. Adepegba v. Hammons, 103 F.3d 383, 388 (5th
5 Cir.1996).

6 More than three of the prior actions Plaintiff has filed in federal courts have been
7 dismissed as frivolous, malicious, or as failing to state a claim. See Grandinetti v. Iranon,
8 CV 96-101-HC (E.D. Tex. Jan. 26,1998); Grandinetti v. Iranon, CV 96-0118-TH (E.D. Tex.
9 Jul. 20, 1998); Grandinetti v. Bobby Ross Group, Inc., CV 96-117-TH (E.D. Tex. Mar. 5,
10 1999); and Grandinetti v. Luna, CV 01-1090-PHX-MHM (SLV) (D. Ariz. Aug. 3, 2001).

11 Accordingly, Plaintiff may not bring a civil action without complete pre-payment of
12 the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C.
13 § 1915(g).

14 **II.    Failure to Allege Imminent Danger of Serious Physical Injury**

15 In the Complaint, Plaintiff alleges that: (1) his Sixth Amendment rights were violated
16 when he was improperly moved to Arizona in July 2007; (2) Plaintiff's mail was confiscated;
17 (3) Plaintiff is being charged with "legal and factual claims which occurred in Mississippi"
18 in violation of the prohibition against double jeopardy; and (4) Plaintiff was denied medical
19 services from 2004 to 2007 while incarcerated in Mississippi. All of Plaintiff's claims relate
20 to past incidents.

21 An allegation of past harm does not constitute a credible allegation that Plaintiff is in
22 imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g) in order for
23 Plaintiff to bring this action without complete pre-payment of the $350.00 filing fee.
24 Accordingly, the Complaint and this action will be dismissed without prejudice pursuant to
25 28 U.S.C. § 1915(g) for failure to pre-pay the $350.00 filing fee. If Plaintiff wishes to
26 reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files
27 his action.

28

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. #1) and this action are **dismissed** pursuant to 28 U.S.C. § 1915(g) without prejudice to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

(2) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 27th day of February, 2008.

_____
Mary H. Murguia
United States District Judge